# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSHUA CLARK, on behalf of himself and all others similarly situated,

    *Plaintiff,*

vs.

CERNER CORPORATION, et al.,

    *Defendants.*

Case No. 20-2194-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendants Cerner Corporation, Cerner Corporation Foundations Retirement Plan Administrative and Investment Committee, and Compensation Committee of the Cerner Corporation Board of Director's (collectively "Cerner") Motion to Dismiss (Doc. 10). Plaintiff Joshua Clark brings this putative class action alleging various violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Cerner now seeks dismissal of this case under the first-to-file rule. For the following reasons, the Court grants Cerner's motion.

## I. Factual and Procedural Background[1]

Clark is a former Cerner employee and current participant in Cerner's 401(k) plan. In September 2019, Clark retained counsel to begin investigating the claims now before the Court. On January 21, 2020, Barbara Freck and three other plaintiffs—also former Cerner employees—filed a putative class action complaint in the United States District Court for the Western District of Missouri, i.e., *Freck v. Cerner*.[2] The *Freck* plaintiffs alleged various ERISA breach-of-fiduciary-duty claims against Cerner.

On April 7, Cerner moved to dismiss *Freck* because the plaintiffs had signed arbitration agreements prohibiting them from bringing a class action. In response, on June 15 the *Freck* plaintiffs filed an amended complaint that added two new plaintiffs who did not sign arbitration agreements. On June 24, Cerner filed a motion to compel arbitration against those plaintiffs covered by the arbitration agreement. Cerner filed an answer to the amended complaint as to the newly added plaintiffs in *Freck* on July 8. The case underwent an unfruitful mediation on September 24 and has had status conferences since then. It is proceeding as usual.

On April 14, Clark filed this action. Clark alleges that he did not sign an arbitration agreement with Cerner that prohibits him from bringing this action. Clark's putative class is "[a]ll participants in the Cerner Plan from April 14, 2014 to the present, with the exception of Defendants, Defendants' beneficiaries, and Defendants' immediate families."[3] In comparison, *Freck*'s putative class is "[a]ll persons, except Defendants and their immediate family members,

---

[1] The facts are taken from Clark's complaint and are considered true for the purposes of this motion.

[2] *Freck v. Cerner Corp.*, No. 20-cv-00043 (W.D. Mo. Jan. 21, 2020).

[3] Doc 1.

who were participants in or beneficiaries of the Plan, at any time between January 21, 2014 through the date of judgment."[4]  Clark asserts the same ERISA claims against the same defendants.  In addition, Clark alleges that Cerner violated its ERISA duties by designating its own stock as the default investment option for employer contributions and its failure to remove high-cost mutual fund options.  Cerner now moves to dismiss this case under the first-to-file rule.

## II.     Discussion

Cerner argues that the Court should dismiss this case under the first-to-file rule because it is substantially similar to *Freck* and because *Freck* was filed first.  Clark argues that although *Freck* was filed first, the Court in this case obtained jurisdiction over the parties before the court in *Freck*, and therefore this Court is the proper venue for the action.  Clark also argues that equitable considerations weigh in favor of denying Cerner's motion to dismiss.

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank."[5]  The Tenth Circuit applies the first-to-file rule, which "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court."[6]  In determining whether the first-to-file rule applies, the court should examine: (1) the chronology of the actions, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake.[7]  The parties only need to be substantially

---

[4] Doc. 11-1.

[5] *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. App'x 433, 437 (6th Cir. 2001).

[6] *Buzas Baseball, Inc. v. Bd. of Regents*, 1999 U.S. App. LEXIS 21630, at *7, 189 F.3d 477 (10th Cir. 1999); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

[7] *Wallace B. Roderick Rev. Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010).

similar for the rule to apply.[8]  However, "these factors are not exhaustive, and other equitable factors may bear on the inquiry."[9]  These include inequitable conduct, bad faith, anticipatory suits, and forum shopping.[10]

### A.     Chronology of the Actions

It is well settled that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."[11]  Furthermore, "jurisdiction relates back to the filing of the complaint."[12]  "As a result, determining the chronology of events typically requires only a comparison of the two filing dates."[13]  *Freck* was filed three months before this case.  That case has proceeded in the Western District of Missouri and is further down the procedural road than this one.  Clark argues that the amended complaint in *Freck* that included plaintiffs similarly situated to Clark—those allegedly not covered by arbitration agreements—was not filed until after the commencement of this action.  Clark asserts that this Court therefore had jurisdiction over those plaintiffs before the *Freck* court.  But Cerner accurately notes that such an amendment relates back to the filing of the original complaint.  Under the general rule of the first-filed complaint, the court in *Freck* obtained jurisdiction over the parties before this Court, and the Court therefore concludes that the chronology of the actions favors *Freck*.

---

[8] *See Ed Tobergte Assocs. v. Zide Sport Shop of Ohio, Inc.*, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999); *Graphic Tech., Inc. v. McDonald's Operators Ass'n of S. Cal., Inc.*, 2000 WL 1920034, at *1 n. 2 (D. Kan. 2000) (citation omitted).

[9] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (citing *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)).

[10] *Id*.

[11] *Hospah*, 673 F.2d at 1163.

[12] *Id*. (quoting *Barber-Greene Co. v. Blaw-Knox Co*., 239 F.2d 774, 778 (6th Cir. 1957)).

[13] *Wakaya*, 910 F.3d at 1124.

**B.     Similarity of the Parties**

For the first-to-file rule to apply, the parties need not be identical, only substantially similar.[14] Even so, the putative class and defendants in this case are nearly identical to those in *Freck*. The only difference between the putative classes is that *Freck* includes 401(k) plan participants from January 21, 2014 through the date of judgment, whereas Clark's putative class includes participants beginning on April 14, 2014. The discrepancy merely reflects the three-month filing difference between the cases. Notably, Clark's putative class fits within *Freck*'s, but not vice versa. In addition to the substantial similarity between the plaintiffs, the defendants in this case and *Freck* are identical.

In opposition, Clark reiterates that he did not sign an arbitration agreement and that this renders him dissimilar from *Freck*'s original plaintiffs. But the Court has already noted that the amended complaint in *Freck* included plaintiffs not covered by arbitration agreements and relates back to the original complaint. Clark also argues that he is a current participant in Cerner's 401(k) plan whereas the named *Freck* plaintiffs are not. He does not explain why this makes a difference. Nevertheless, even assuming this difference between the class representatives matters, the putative class definition in *Freck* clearly includes current plan participants like Clark. Overall, the Court concludes that the parties in this case are substantially similar to those in *Freck*.

**C.     Similarity of the Issues**

As with the parties, the issues in the two cases need not be identical, only substantially similar.[15] Moreover, courts place "less weight on similarity when considering abstention in

---

[14] *Wallace*, 679 F. Supp. 2d at 1296–98.

[15] *Id*.

concurrent federal cases than when one of the cases is in state court" because "when two federal cases are involved, we do not risk depriving a litigant of a federal forum."[16] Both cases are in federal courts. Both complaints allege breaches of fiduciary duties under ERISA §§ 409 and 502 by Cerner's failure to invest in lower-cost alternative investments and lower-cost share classes. Both complaints allege that Cerner failed to negotiate lower recordkeeping fees. There are no substantial dissimilarities between the claims. The same factual background undergirds both cases. In fact, large portions of Clark's complaint copy verbatim from the *Freck* complaint. The cases also seek the same relief. Both seek a declaration that Cerner has violated ERISA, actual damages and disgorgement of profits, an injunction prohibiting Cerner from any further ERISA violations, pre-judgment interest, and attorneys' fees and court costs.

Clark's main counterargument is that, as a current participant of the 401(k) plan, he has standing to pursue injunctive relief whereas the original plaintiffs in *Freck* allegedly lack standing. Once again, *Freck*'s putative class definition includes current plan participants, even if the class representatives are not. Clark's interests would therefore not be unfairly prejudiced as a member of the *Freck* class in the manner he suggests. Clark also argues his claims vary from *Freck*'s in that he additionally alleges Cerner violated its ERISA duties by designating its own stock as the default investment option for employer contributions and its failure to remove high-cost mutual fund options. But the claims need not be identical, only substantially similar, and this dissimilarity is insubstantial. Clark's minor variations remain within the scope of the broader claims in *Freck* alleging that Cerner failed to carry out its ERISA fiduciary duties and failed to invest in lower-

---

[16] *Wakaya*, 910 F.3d at 1127.

cost alternatives. Overall, the Court concludes that the issues in this case are substantially similar to those in *Freck*.

**D.     Equitable Considerations**

"After determining the sequence and similarities in the cases, court[s] must also determine whether any equitable considerations . . . merit not applying the first-to-file rule in a particular case."[17]   Some additional equitable considerations include inequitable conduct or bad faith.[18] "[T]he first-to-file rule may be disregarded to prevent a misuse of litigation in the nature of vexatious and oppressive foreign suits."[19]  Courts also "need not defer to the first-filed case when doing so would reward forum shopping."[20]  In this case, Clark points to no convincing evidence of inequitable conduct or bad faith on the part of Cerner.  Nor does he make a case for *Freck* being an anticipatory suit resulting from Cerner's forum shopping.  Clark simply argues that this case should have priority over *Freck* in order to "protect the needs of the class."  But that is not an equitable consideration highlighted by prior Tenth Circuit cases.  Either way, the Court concludes that the substantial similarity between the parties and claims in this case and *Freck* is such that dismissing this case in favor of *Freck*'s continuance does not harm the putative class.  As such, none of the equitable considerations countermand the first-to-file rule in this case.

**E.     Conclusion**

The Court concludes that all the factors for the first-to-file rule weigh in favor of *Freck*. *Freck* precedes this case chronologically and the two cases have substantially similar parties and

---

[17] *Id*. (citations, alterations, and quotations omitted).

[18] *Id*. at 1124.

[19] *Id*. at 1127 (quoting *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972)).

[20] *Id*. (citing *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985)).

8-

issues. None of the equitable considerations identified by the Tenth Circuit warrant disregarding the first-to-file rule. The *Freck* case is the proper vehicle to carry Clark's action. As such, the Court declines to exercise jurisdiction over this case and grants Cerner's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Cerner's Motion to Dismiss (Doc. 10) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2020.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-8-